UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEROME L. GRIMES,

    Plaintiff,

v.                                                                                    Case No:   6:19-cv-1026-Orl-41TBS

M. R. BONNER, FLORIDA HIGHWAY
PATROL and STATE OF FLORIDA,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, which I have construed as a motion for leave to proceed *in forma pauperis* (Doc. 2). For the reasons that follow, I respectfully recommend that the motion be **denied** and this case be **dismissed without leave to amend**.

Federal courts may allow an individual to proceed *in forma pauperis* if that person declares in an affidavit that he "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before determining whether a plaintiff qualifies to proceed *in forma pauperis*, the Court, pursuant to 28 U.S.C. §1915(e)(2), should review the complaint to determine whether it should be dismissed. Section 1915(e) provides that a district court may dismiss a case filed *in forma pauperis* if it is satisfied that the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Id. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the lawsuit on its own authority. See id.

The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from

filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). Still, the Supreme Court has cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327. A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

Plaintiff is suing the State of Florida and one of its highway patrolmen in a handwritten complaint filled with incoherent allegations (Doc. 1). For example, on the first page the complaint states:

> Under "U.S.C. 28", "Conspiracy", "Invasion of Privacy Terror Intent", "1980 Airplane Terror Against Boxing Athletes on way to Poland", 11/18/72 Jonestown Massacre Extorted as 1978", "Land, Oil, and Privacy Theft in Commission of Mass Murder of my Relatives"

(Doc. 1 at 1).

Attached to the complaint is a copy of a Florida Uniform Traffic Citation showing that Plaintiff was fined $169.00 for "driving around detour signs/barricades. Road closed – driving past barricades in a closed roadway" and a copy of a trespass warning issued the day prior (Doc. 1-1; Doc. 1-2). According to Plaintiff the Highway Patrol Defendant:

> …used illegal telephone tooth, illegal dog/deer tracking device, mentally impaired illegal device better than polygraph, and illegal micro-video technology Federal Crime, Invasion of Privacy, and Paramilitary Espionage Enemy Combatancy technology to plant/install on plaintiff's person in conspiracy to mass murder plaintiff's family and plaintiff with oil & land theft …

(Id., at 4-5). This traffic citation and trespass warning may be the catalyst of Plaintiff's

complaint, it is impossible to be sure, because his allegations are rambling and for the most part, incomprehensible.

Plaintiff is no stranger to this Court. Twice before he has filed cases that were ultimately dismissed due to incoherency and the failure to state a cause of action. See Case No. 6:15-cv-1955-RBD-GJK; Case No: 6:16-cv-1480-Orl-18TBS.

Applying the most liberal reading test, I find no indication that if Plaintiff is given an opportunity to amend his complaint, that he may be able to state a valid claim. Therefore, and because the Court has already travelled this road with Plaintiff on two prior occasions, I believe giving Plaintiff an opportunity to amend his complaint would be futile. Therefore, I **RESPECTFULLY RECOMMEND** that the Court:

(1) **DENY** Plaintiff's motion to proceed *in forma pauperis* (Doc. 2);

(2) **DISMISS** this case **without leave to amend**; and

(3) **DIRECT** the Clerk of Court to close the file.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on June 5, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
*Pro se* Plaintiff